IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ROBERT WADE MATHIS, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO.: 7:07-CV-17 (HL) |
| Sheriff NICK NORTON; CHARLES NORTON; District Attorney CATHY HELMS; GEORGE BESSONETTE; Judge DANE PERKINS, | : | |
| Defendants | : | **ORDER** |

Plaintiff **ROBERT WADE MATHIS**, an inmate at the D. Ray James State Prison in Folkston, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated February 22, 2007, the Court granted plaintiff's motion to proceed *in forma pauperis*; but ordered that he pay an initial partial filing fee in the amount of $12.51. The Court received plaintiff's initial partial filing fee on March 6, 2007.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to

the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  A claim is frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983 (or *Bivens*), a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law; or federal law for federal officials.  *Id*.

## III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff filed a standard 42 U.S.C. § 1983 form with an attached four additional pages. Since that time, plaintiff has filed three separate briefs or memorandums in support of his complaint. The Court has reviewed all of these documents and has determined that the facts of plaintiff's complaint are as follows: Plaintiff was charged with theft of a motor vehicle. Plaintiff alleges that the defendants "entered into a criminal conspiracy against him." Specifically, plaintiff states that he was charged with stealing a vehicle that Charles Norton owned. Plaintiff states that Sheriff Nick Norton, who is Charles Norton's son, knew that Charles Norton had, in fact, given plaintiff permission to take the vehicle. However, according to plaintiff, the Sheriff covered up this fact to protect his father.

Plaintiff alleges that the public defender, George Bessonette, was ineffective in that he only filed one motion in plaintiff's criminal case and only visited plaintiff one time prior to his trial. Plaintiff also complains that his attorney failed to subpoena necessary witnesses for plaintiff's defense. Finally, plaintiff states that many witnesses favorable to the defense were in the courtroom; but Mr. Bessonette failed to call these individuals to testify.

Plaintiff seems to state that Judge Perkins, who presided over his criminal trial, should have known that his attorney was not providing effective representation and should have granted a mistrial. Plaintiff also alleges that Judge Perkins allowed Charles Norton to present perjured testimony.

Plaintiff states that District Attorney Cathy Helms violated his rights "by pursing a case that he knew would not uphold a criminal court conviction." Petitioner was, however,

apparently found guilty and sentenced to serve five years in prison.

The only relief plaintiff requests is "to address the court on [the issues] and more and to have a hearing on these matters and more."

To any extent that plaintiff is seeking release from prison or a reduction of his sentence, such relief is not available in a 42 U.S.C. § 1983 action. *See Preiser v.Rodriquez*, 411 U.S. 475 (1972). Challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus.[1]

To any extent that plaintiff is seeking damages, all of his claims fall within the ambit of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477(1994). In *Heck*, the Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

In other words, a prisoner cannot bring a § 1983 action for damages that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated. Such an action, if brought prior to invalidation of the conviction or sentence challenged, must be dismissed as premature. *Heck*, 512 U.S. at 486-88.

---

[1]This Court may not consider a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 until plaintiff has exhausted his available state remedies on each of his claims.

In the case at bar, plaintiff's various allegations–that the defendants conspired and covered up evidence to deprive him of fair trial and convict him of a crime that he did not commit; ineffective assistance of counsel; various trial court errors; and perjury–would, if proven, invalidate his conviction. Because plaintiff has not demonstrated that his conviction or sentence has been overturned on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, *Heck* bars these claims. Only if, and when, his conviction or sentence is invalidated, may he then institute an action for damages or declaratory relief on these claims under § 1983 in federal court.

There are several additional reasons why plaintiff's action fails. In relation to plaintiff's claims against attorney George Bessonette, it is well settled that allegations against criminal defense counsel, court appointed or privately retained, do not state a claim under § 1983 because such attorneys do not act under "color of state law" when they act as attorneys for criminal defendants. ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Services performed by an attorney in connection with a criminal action, no matter how incompetent, simply do not constitute action under "color of state law." *Id*.; ***See also O'Brien v. Colbath***, 465 F.2d 358, 359 (5th Cir. 1972)(holding that 42 U.S.C. § 1983 "was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys").[2]

---

[2] In ***Bonner v. City of Pritchard***, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

Similarly, Charles Norton, the victim in this case, is not a state actor for purposes of liability under 42 U.S.C. § 1983. "A successful [§]1983 action requires a showing that the conduct complained of . . . was committed by a person acting under color of state law." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).[3]

A criminal defense attorney or a private party may, however, be sued under § 1983 if he conspired with someone who did act under color of state law. *Wahl v. McIver*, 773 F.2d 1169, 1183 (11th Cir. 1985). Plaintiff does allege a "criminal conspiracy" to convict him. However, the "naked assertion of a conspiracy . . . without supporting, operative facts" establishing an agreement between the defendants, and a common plan to put the agreement into effect, is insufficient to implicate § 1983 liability. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984); *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984).

Additionally, both District Attorney Cathy Helms and Judge Perkins are immune from liability. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)(a prosecutor is absolutely immune from liability under § 1983 when engaged in initiating a prosecution or presenting the state's case); *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)(judges are entitled to absolute immunity from damages when acting in their judicial capacity).

## IV. CONCLUSION

For the reasons explained above, plaintiff's 42 U.S.C. § 1983 action must be

---

[3]Moreover, in relation to plaintiff's claim that Charles Norton testified falsely, it is well-settled that witnesses, whether private citizens or law enforcement officers, are absolutely immune from civil damages based on their testimony in a judicial proceeding. *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983).

**DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.[4]

**SO ORDERED**, this 9th day of March, 2007.

                          *s/ Hugh Lawson*
                          HUGH LAWSON
                          UNITED STATES DISTRICT JUDGE

lnb

---

[4] As the Court is dismissing plaintiff's complaint as frivolous, his two motions to appoint counsel (R. at 7 and 10) are **DENIED AS MOOT**.